**FOR THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DOLORES CASANOVA | § | |
| | § | |
| v. | § | **Civil Action No.** |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| d/b/a NEIGHBORHOOD MARKET | § | |
| BY WALMART | § | |

## DEFENDANT'S NOTICE OF REMOVAL

### I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 236th Judicial District Court of Tarrant County, Texas, where this matter was pending under Cause No. 236-334968-22 and styled *Dolores Casanova v. Wal-Mart Stores Texas, LLC, d/b/a Neighborhood Market by Walmart* (the "State Court Action").  Defendant hereby files its Notice of Removal.

### II.    NATURE OF THE SUIT

This case is a personal injury case in which Plaintiff alleges she was injured when she slipped and fell on water on the floor at one of Defendant's retail stores.  Plaintiff, in her initial state court petition, asserts claims based on negligence and premises liability theories.  In her initial state court petition, Plaintiff seeks monetary relief "of less than $250,000." *Plaintiff's Original Petition*, p. 1.

### III. JURISDICTION & REMOVAL

In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in

controversy exceeds $75,000. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of Texas as evidenced by her admission that she resides in the State of Texas. *See Plaintiff's Original Petition,* ¶ II.

Defendant Wal-Mart Stores Texas, LLC, d/b/a Neighborhood Market by Walmart, is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. Wal-Mart Real Estate Business Trust is the sole owner of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole owner of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the state of Arkansas with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole owner of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Arkansas. Defendant Wal-Mart Stores Texas, LLC, is now and was at the time of the

filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas.

In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332.

Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

## IV.   TIMELINESS OF REMOVAL

Plaintiff commenced this lawsuit by filing her Original Petition on July 27, 2022. Defendant was served with the Original Petition on or about July 28, 2022, through the registered agent for Defendant. Defendant hereby files this Notice of Removal.  Defendant's removal is timely because it is filed within thirty days after being served with Plaintiff Original Petition. 28 U.S.C. § 1446.

## V.   THIS NOTICE IS PROCEDURALLY CORRECT

Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1(a)(4) as follows:

A.   Index of all documents that clearly identifies each document and indicates the date the documents was filed in state court;

B.   A copy of the docket sheet in the State Court Action; and

C.   Each document filed in the State Court Action.

This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Plaintiff is a citizen of Texas and no Defendant is a citizen of Texas, the state in which the action was brought.  This action is removable to this Court because this United States District Court and Division embraces the place where the State Court Action was pending.  28 U.S.C. §§ 124(c)(6), 1441(a).

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and Defendants have provided to the Clerk of the 236th Judicial District Court of Tarrant County, Texas, this Notice of Removal.

## VI.    JURY TRIAL

Defendant made a demand for jury trial when it filed its Jury Demand on August 15, 2022.

## VII.    CONCLUSION

Since diversity jurisdiction exists over Plaintiff's claim as set forth herein, Defendant desires and is entitled to remove the lawsuit filed in the 236th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Wal-Mart Stores Texas, LLC, d/b/a Neighborhood Market by Walmart, pursuant to and in conformance with the statutory requirements, remove this action from the 236th Judicial District Court of Tarrant County, Texas, to this Court.

Respectfully submitted,

**STEVEN J. MOSES**
Texas Bar No. 24056014
smoses@cowlesthompson.com
(214) 672-2130
(214) 672-2330 (Fax)

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of August, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_____

**STEVEN J. MOSES**