FILED
TARRANT COUNTY
7/27/2022 10:58 AM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. 236-334968-22 _____

| | | |
|---|---|---|
| **DOLORES CASANOVA,**<br>*Plaintiff* | § § § | **IN THE DISTRICT COURT** |
| VS. | § § § | JUDICIAL NO. _____ |
| **WALMART STORES TEXAS, LLC,**<br>**d/b/a NEIGHBORHOOD MARKET**<br>**BY WALMART**<br>*Defendant.* | § § § § § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes Now, **DOLORES CASANOVA**, Plaintiff herein, and brings this suit for relief against **WALMART STORES TEXAS, LLC D/B/A NEIGHBORHOOD MARKET BY WALMART**, Defendant herein, and would show unto the court as follows:

### I.   DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff intends to conduct discovery according to Discovery Level 1 because Plaintiff seeks damages of less than $250,000.00.

### II.   PARTIES AND SERVICE

2.   **DOLORES CASANOVA** ("*Ms. Casanova*") is an individual residing in Dallas, Texas. The last three digits of her driver's license number are 748.

3.   Defendant **WALMART STORES TEXAS, LLC D/B/A NEIGHBORHOOD MARKET BY WALMART** (hereinafter "Defendant" or "Walmart") is a foreign corporation authorized to do business in Texas. **Issuance of citation is requested at this time. Defendant WalMart** may be served with process on its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136.

A CERTIFIED COPY
ATTEST: 8/23/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has personal jurisdiction over the Defendant because Defendant regularly conduct business in the State of Texas. Additionally, the court has personal jurisdiction over the Defendant pursuant to Section 17.042(2) of the Texas Civil Practices and Remedies Code because Defendant committed a tort in the State of the Texas.

6. Venue is proper pursuant to Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

### IV. FACTS

7. On or about August 3, 2020, Plaintiff suffered injuries on Defendant's premises. *Ms. Casanova* was a patron, thus, an Invitee of Walmart, store #3594, a grocery store owned by **Defendant Walmart** and located at:2610W. Pioneer Parkway, Pantego, Texas 76013.

8. On this date, *Ms. Casanova* was in Walmart heading towards customer service to obtain a money order to pay for a bill. As she was in the middle of the customer service area, she slipped and fell on water on the floor. The water was leaking from boxes a Walmart employee was opening. *Ms. Casanova* believes that there were frozen drinks or the like in those boxes. Defendant's employee nearby had on headphones and was not paying attention and there was no "wet floor" or caution signs on display anywhere.

9. After the fall, a manager was called and he helped *Ms. Casanova* up. There were no wet floor signs on the other end to warn the public and people like *Ms. Casanova*. The Defendant never inspected and dried the floor, nor put a warning sign in the area to warn persons such as the

A CERTIFIED COPY
ATTEST: 8/23/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

Defendant, despite employees being aware of the wet floor, causing *Ms. Casanova* to slip and fall, injuring her neck and back.

10. *Ms. Casanova* almost immediately experienced pain. She suffered injuries and sought medical attention for these injuries.

## V. CAUSES OF ACTION

### A. NEGLIGENCE AND RESPONDEAT SUPERIOR

11. At all relevant times herein, Defendant had such control over the premises in question that Defendant owed certain duties to Plaintiff; the breach of which proximately caused the injuries set forth herein.

12. At all relevant times herein, Plaintiff was an "invitee," as classified under Texas law at the time of the incident in question. Plaintiff entered Defendant's premises in question for the mutual benefit of Plaintiff and Defendant and/or for a purpose connected with the business of Defendant. Defendant' employees had control of the area where Plaintiff was injured.

13. Defendant, Defendant' agents, and employees failed to maintain a safe environment for its guests by not properly inspecting the floor in the store, and dry the greens enough to stop the leak in the establishment. The floor was still wet from the drinks boxes that were opened by a Wal-Mart employee, that was causing a dangerous condition for anybody walking in that area, that resulted in Plaintiff's injuries and damages. If Defendant' employee(s) had either dried the floor in that area, inspected, or placed warning signs or cones near the wet floor, *Ms. Casanova's* injuries could have been avoided.

14. At all times pertinent herein, Defendant, Defendant's agents and employees, who were acting in the scope of their employment, are liable to Plaintiff for their negligent conduct toward the Plaintiff:

   a. In Defendant failing to place warning cones or signs in the area to warn persons,

*Plaintiff's Original Petition*
*Dolores Casanova vs. Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Neighborhood Market*
Page 3 of 6

A CERTIFIED COPY
ATTEST: 8/23/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

such as Plaintiff, about the wet floor and/or unnatural accumulation of similar materials;

b. In Defendant failing to maintain a safe environment for its guests by not properly monitoring an area of the establishment set up for customers;

c. In Defendant failing to have appropriate safety procedures for their employees and agents on how to place warning signs and cones in the area to prevent the sort of injuries sustained by Plaintiff;

d. In Defendant, Defendant's employee(s) and agents failing to use due and reasonable care to avoid creating the dangerous condition that caused Plaintiff severe injuries and damages;

e. In Defendant, Defendant's employee(s) and agents failing to use due and reasonable care to remove the dangerous condition that caused Plaintiff severe injuries and damages after it was created;

f. In Defendant failing to properly train and supervise its employees and agents to identify and make safe dangerous conditions, which pose an unreasonable risk of injury such as the condition that was created by Defendant's employee(s) and agent(s) who proximately caused Plaintiff's injuries and damages;

g. In Defendant's employee(s) and/or agent(s) failing to warn Plaintiff which proximately caused Plaintiff's injuries and damages;

h. In Defendant, through its employee(s) and/or agent(s), creating an unreasonable risk of harm by creating a dangerous condition; thereby putting Defendant on notice because when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendant knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger,* 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz,* 109 S.W.3d 584, 589 (Tex. 2003);

**1. Negligence**

14. Defendant exercised control and possession of the location of the Plaintiff's fall occurred.

15. Defendant had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under similar circumstances. Defendant and their employees failed to make safe the floor in question on the morning of Plaintiff's fall by creating the subject condition and/or allowing it to persist due to the leak from boxes opened earlier by a Walmart employee. Thus, Defendant created an unreasonably dangerous condition and then failed to warn or make safe the floor; the only means of ingress or egress to the area where Plaintiff was walking.

16. Defendant negligently, carelessly, or recklessly disregarded their duty, which

*Plaintiff's Original Petition*
*Dolores Casanova vs. Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Neighborhood Market*
Page 4 of 6

A CERTIFIED COPY
ATTEST: 8/23/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

proximately caused Plaintiff's injuries and damages.

### 2. *Respondeat Superior*

17.　At all relevant times, Defendant's negligent employee(s) was/were acting in the scope of her/his/their employment with Defendant. Therefore, under the principle of *respondeat superior*, the masters are liable for their servant's torts, and Defendant are liable for Plaintiff's damages.

### VI.　PLAINTIFF'S DAMAGES

18.　As a direct and proximate result of Defendant's conduct, Plaintiff suffered serious physical injuries and resulting damages, detailed below:

> A. Reasonable medical care and expenses in the past;
> B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;
> C. Physical pain and suffering in the past;
> D. Physical pain and suffering in the future;
> E. Mental anguish in the past;
> F. Mental anguish in the future;
> G. Loss of earnings in the past;
> H. Physical impairment in the past;
> I. Physical impairment in the future;
> J. Disfigurement.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

A CERTIFIED COPY
ATTEST: 8/23/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ

Respectfully submitted,

THE LAW OFFICES OF JEREMY W. MCKEY, PLLC

_____

Jeremy W. McKey
State Bar No. 24053353
Craig W. Thomas
State Bar No. 24048047
5899 Preston Road, Ste #203
Frisco, Texas 75034
214-855-8788 – Telephone
888-638-1552 – Facsimile
eservicejmckeylawfirm@gmail.com
**ATTORNEYS FOR PLAINTIFF**

A CERTIFIED COPY
ATTEST: 8/23/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: IRMA JIMAREZ